UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
     **JUDGE**

## LETTER OPINION

April 19, 2010

Barbra R. Parlin
John M. Toriello
Holland & Knight, LLP
31 West 52nd Street
New York, NY 10019
     *(Attorneys for Plaintiff)*

Green Natural Food
90 Dayton Avenue, #1A
Passaic, NJ 07055
     *(Defendant)*

          RE:     *Cathay Bank v. Green Natural Food, Inc.*
                    Civil Action No. 09-5200 (WJM)

Dear Litigants:

     This action comes before the Court on the motion of Plaintiff Cathay Bank ("Cathay") for default judgment against Defendant Green Natural Food, Inc. ("Green"). There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, Cathay's motion is **GRANTED**, and default judgment shall be entered against Green.

**I.     BACKGROUND**
     On or about April 11, 2008, Cathay and Green entered into a series of loan

1

agreements (collectively, the "loan agreements"), under which Cathay agreed to lend Green $300,000.00 as a term loan (the "term loan") and up to $200,000.00 in a revolving credit line (the "credit line"). (Cmplt. ¶¶ 6-8). Green agreed to make 83 monthly payments of $4,544.00, plus one final payment of all outstanding principal and all accrued interest on April 15, 2015. (*Id*. at 7). To secure its obligations, Green executed a security agreement on April 14, 2008, granting Cathay a security interest in Green's present and future property, accounts, inventory, and equipment, among other assets (the "first security interest"). (*Id*. at 9). Cathay perfected the first security interest on June 23, 2008. Green also executed an assignment of life insurance policy agreement, granting Cathay a security interest in a life insurance policy held by Chae K. Kim, President of Green, in the amount of $500,000.00 (the "second security interest"). (*Id*. at 11).

By the date of the filing of the Complaint, Green had defaulted under the terms of the loan agreements and Cathay elected to accelerate the balance of $433,809.08, consisting of principal in the amount of $415,410.34, interest in the amount of $16,992.93, and late fees in the amount of $1,405.81, not including attorneys' fees and costs. (*Id*. at 12). The loan agreements also provided that Green would pay upon demand all of Cathay's costs and expenses, including reasonable attorneys' fees and legal expenses incurred in connection with the enforcement of the contracts. (Declaration of John M. Toriello (hereinafter "Toriello Decl.") ¶ 2(a)). Counsel for Cathay assert in the Complaint that Cathay is therefore entitled to $25,919.50 in attorneys' fees and costs. (*Id*. at ¶ 2(c)). An additional $24,590.60 in late fees and interest have allegedly also accrued between the date of the Complaint and the filing of the motion for default judgment. (Declaration of Gregory Alcala (hereinafter "Alcala Decl.") ¶4).

Plaintiff filed its Complaint against Defendant with the district court on October 13, 2009. (CM/ECF Docket Entry No. 1). On that same day, the Court issued a summons as to Green. (*Id*. at No. 3). Cathay subsequently filed proof of service with the Court. (*Id*. at No. 4). By November 17, 2009, over 30 days after service of process had been effectuated, Green had neither answered nor otherwise responded to the Complaint. Therefore, Plaintiff moved for and obtained an entry of default from the Clerk of the Court, as stipulated by Fed. R. Civ. P. 55(a). (CM/ECF Docket Entry No. 6). Presently before the Court is Plaintiff's Motion for Default Judgment against Green pursuant to Fed. R. Civ. P. 55(b).

## II.   ANALYSIS

A defendant's default has the legal effect of admitting the truth of all well-pled allegations contained in the complaint that pertain to liability. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). With that in mind, the Court must consider the three factors that control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984).

Here, the Court must accept the truthfulness of Plaintiff's allegations pertaining to breach of contract, default, and non-payment of fees. In this context, the Court must

consider the appropriateness of entering default judgment against Green.  The Court finds that the longer Plaintiff does not receive payment, the more it is harmed.  Therefore, if default were denied, Plaintiff would likely be prejudiced.  In addition, it appears to the Court that Defendant Green was properly served and that Plaintiff took all proper steps in filing its complaint, request for entry of default, and motion for default judgment.  Thus, the Court is unaware of any litigable defenses available to Defendant and finds that its failure to respond to the Complaint was the result of its own culpable conduct only.  The requirements for granting default judgment are satisfied.

Having considered the assessment of additional interest and late fees accruing since the filing of the Complaint, reasonable attorneys' fees, and costs submitted by Plaintiff's counsel via declaration, which includes itemized bills and invoices, the Court further concludes that in addition to the $433,809.08 in principal, interest, and late fees accrued as of the date of the Complaint, Plaintiff should be awarded $24,590.60 in additional interest and late fees, $25,919.50 in attorneys' fees and legal expenses, and $350.00 in costs.  (*See* Toriello Decl. ¶¶ 8; Alcala Decl. ¶¶ 3-4).  Finally, in reliance upon the declaration of Plaintiff's counsel as well as the terms of the security interest agreements, the Court also finds that Cathay is entitled to an order of possession of the secured collateral identified in the first and second security agreements.  (*See* Toriello Decl. ¶¶ 9-10).

## III.     CONCLUSION

For the reasons stated above, Plaintiff's motion is **GRANTED** and default judgment is entered against Defendant Green.  An appropriate final judgment order follows.


  /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**